UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Grand Valley MHP, LLC,                    Case No. 24-19715-PDR

    Debtor.                                    Chapter 11
_____/

### *EXPEDITED* MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FINAL HEARING

**\*\* Expedited Hearing Requested Pursuant to Local Rule 9013-1(F), (G)\*\***

#### Basis for Expedited Relief

**Because the Debtor needs continued use of cash collateral to operate its business, the Debtor respectfully requests that this motion be set for hearing on or before September 26, 2024.**

Grand Valley MHP, LLC (the "Debtor"), pursuant to 11 U.S.C. § 363(c), respectfully requests that the Court authorize it to use cash collateral as set forth below. In support of this request, the Debtor states as follows:

#### BACKGROUND

1.    On September 20, 2024 (the "Petition Date"), the Debtor and four related entities[1] (together, the "Related Entities") each filed—with this Court—a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

---

[1] Prairie Knolls MHP, LLC; Rolling Acres MHC, LLC; Top Park Services, LLC; and Time Out Properties, LLC.

{2545/000/00589480}

2. The Debtor is an Illinois limited liability company that is located in Fort Lauderdale, Florida.

3. The Debtor owns and operates a mobile home park in Springfield, Illinois.

4. The Debtor is operating its business and managing its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. The Debtor has the following creditors (together, the "Creditors") who are, or may be, fully or partially secured by the Debtor's assets:

   a. 21st Mortgage Corporation;

   b. M&T Realty Capital Corporation; and

   c. Northpoint Commercial Finance - TOC.

6. The Debtor has prepared a 13-week budget of projected income and expenditures, a copy of which is attached hereto as **Exhibit A** (the "Budget").[2]

7. As the Budget demonstrates, the Debtor will operate on a cash-flow positive basis.

## RELIEF REQUESTED

8. Through this Motion, the Debtor seeks the entry of an Order:

   a. Authorizing its use of cash collateral pursuant to the terms of the Budget, and additional terms described herein;

   b. Granting the Creditors replacement liens as described herein; and

---

[2] While the Budget begins on October 1, 2024, the Debtor's budgeted operating expenses are consistent and can be imputed to the period before October 1, 2024.

{2545/000/00589480}  2

      c.    Granting Debtor such other and further relief as is just and proper.

9.    When a chapter 11 debtor in possession is authorized to operate its business, it may use property of the estate in the ordinary course of business, but is prohibited from using cash collateral absent consent of the secured creditor or court authorization. *See generally* 11 U.S.C. §§ 363(c)(1)-(2).

10.    "Cash collateral" is defined by the Bankruptcy Code as, "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . . ." 11 U.S.C. § 363(a). Any cash collateral generated by the Debtor <u>may</u> constitute the cash collateral of the alleged secured creditors. The Debtor reserves the right to challenge the validity, priority and extent of any alleged secured creditors' liens against the Debtor's assets.

11.    The Debtor proposes to use the cash collateral in accordance with the terms of the Budget. The Debtor also requests that it be authorized: (i) to exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (ii) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

## APPLICABLE AUTHORITY FOR RELIEF REQUESTED

**A. The Court Should Enter an Order Authorizing the Continued Use of Cash Collateral Because the Debtor is Providing the Secured Creditors with Adequate Protection.**

17. The Bankruptcy Code does not explicitly define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditors' interest in such property. *See* 11 U.S.C. § 361. Adequate protection is thus determined on a case-by-case factual analysis. *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985); *see also* S. Rep. No. 95-989, 95th Cong., 2d Sess. 54 (1978).

18. Adequate protection provided to the Creditors includes: (a) the fact that the Budget is cash flow positive and does not result in a diminishment of the estate or the Creditors' secured claims, and (b) a replacement lien for any use of cash collateral in any and all assets of the Debtor, with such liens against the property of the Debtor having the same seniority and entitled to the same level of priority as the priority of the Creditors' liens against the Debtor's property that existed prior to the Petition Date.

19. The Debtor's requested use of cash collateral and the protections afforded to the Creditors herein are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of the Creditors' alleged collateral.

      **B.**      **The Use of Cash Collateral Will Preserve the Debtor's Going Concern Value, Which will Inure to the Benefit of the Secured Creditor and Other Creditors.**

      20.      The continued operation of the Debtor's business will preserve its going concern value, enable the Debtor to capitalize on that value through a reorganization strategy, and ultimately facilitate the Debtor's ability to confirm a chapter 11 plan.  However, if the Debtor is not allowed to use cash collateral, it will be unable to operate and will be unable to pay for the essential operation and upkeep of its mobile home park.

      21.      It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern.

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its efforts to rebuild.  Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

*In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984).

      22.      If the Debtor cannot use cash collateral, it will be forced to cease operations, which will severely disrupt the Debtor's entire operations.  By contrast, granting authority will allow the Debtor's to maintain operations and preserve the going concern value of its business which will inure to the benefit of any secured creditors and all other creditors.

23. The Debtor believes that use of cash collateral pursuant to the terms and conditions set forth above is fair and reasonable and adequately protects the Creditors. The combination of: (i) the Debtor's ability to preserve the going concern value of the business with the use of cash collateral; and (ii) providing the Creditors with the other protections set forth herein, adequately protects their alleged secured positions under § 361(2). For the reasons stated herein, the Court's approval of the Debtor's use of cash collateral is proper.

24. A proposed order granting the relief requested is attached hereto as **Exhibit B**.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the Debtor's use of cash collateral in accordance with the attached Budget; (iii) granting the replacement liens set forth above in connection with the use thereof; (iv) scheduling a final hearing; and (v) granting the Debtor such other and further relief as is just and proper.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**
Proposed Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
ependergraft@slp.law

By: /s/ Bradley S. Shraiberg
Bradley S. Shraiberg, Esq.
Florida Bar No. 121622
Eric Pendergraft, Esq.
Florida Bar No. 91927

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on September 23, 2024, a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case, and was served via U.S. Mail on the Creditors at the following addresses.

/s/ Bradley S. Shraiberg

M&T Realty Capital Corporation
Attn: Wendy LeBlanc, VP
One Light Street, 12th Floor
Baltimore, MD 21201

Northpoint Commercial Finance - TOC
PO Box 731751
Dallas, TX 75373-1751

21st Communities, Inc.
Attn: Manager
PO Box 220
Knoxville, TN 37901-0220

21st Mortgage Corporation
Attn: Ann Wilkins
620 Market Street, Suite 100
Knoxville, TN 37902

/s/ Eric Pendergraft

# EXHIBIT A

**GRAND VALLEY MHP LLC**

| | | Oct 1 - Oct 7 | Oct 8 - Oct 14 | Oct 15 - Oct 21 | Oct 22 - Oct 28 | Oct 29 - Nov 4 | Nov 5 - Nov 11 | Nov 12 - Nov 18 | Nov 19 - Nov 25 | Nov 26 - Dec 2 | Dec 3 - Dec 9 | Dec 10 - Dec 16 | Dec 17 - Dec 23 | Dec 24 - Dec 30 | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *REVENUE:* | | | | | | | | | | | | | | | |
| | Home Rent | $ 21,517.50 | $ 17,214.00 | $ 3,442.80 | $ 860.70 | $ 22,292.71 | $ 17,834.16 | $ 3,566.83 | $ 891.71 | $ 28,982.93 | $ 23,186.34 | $ 4,637.27 | $ 1,159.32 | $ - | $ 145,586.27 |
| | Lot Rent | $ 69,735.70 | $ 55,788.56 | $ 11,157.71 | $ 2,789.43 | $ 71,335.49 | $ 57,068.40 | $ 11,413.68 | $ 2,853.42 | $ 85,142.11 | $ 68,113.69 | $ 13,622.74 | $ 3,405.68 | $ - | $ 452,426.61 |
| | H2O & Sewer | $ 1,436.39 | $ 1,149.11 | $ 229.82 | $ 57.46 | $ 1,436.39 | $ 1,149.11 | $ 229.82 | $ 57.46 | $ 1,436.39 | $ 1,149.11 | $ 229.82 | $ 57.46 | $ - | $ 8,618.34 |
| | **TOTAL REVENUE:** | $ 92,689.59 | $ 74,151.67 | $ 14,830.33 | $ 3,707.58 | $ 95,064.59 | $ 76,051.67 | $ 15,210.33 | $ 3,802.58 | $ 115,561.43 | $ 92,449.14 | $ 18,489.83 | $ 4,622.46 | $ - | $ 606,631.22 |
| *EXPENSES:* | | | | | | | | | | | | | | | |
| | Park Management | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 6,760.61 | $ 87,887.99 |
| | Liability Insurance | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 903.59 | $ 11,746.64 |
| | Security | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 467.84 | $ 6,081.87 |
| | Property Taxes | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 2,626.89 | $ 34,149.52 |
| | Water & Sewer | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 3,048.83 | $ 39,634.85 |
| | Water Maintenance & Services | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 790.31 | $ 10,274.08 |
| | Electric | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 222.97 | $ 2,898.55 |
| | Garbage | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 824.11 | $ 10,713.41 |
| | Bank Fees | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 35.38 | $ 459.98 |
| | Bad Debt | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 1,315.85 | $ 17,105.99 |
| | Travel & Entertainment Expense (TPS) | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 2,018.70 | $ 26,243.09 |
| | Landscaping & Grounds (TPS) | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 2,537.72 | $ 32,990.32 |
| | Car Insurance Expense (TPS) | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 498.41 | $ 6,479.39 |
| | Building Insurance Expense (TPS) | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 19.30 | $ 250.90 |
| | Legal / Pro Fees (TPS) | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 2,601.60 | $ 33,820.82 |
| | Software / IT (TPS) | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 640.96 | $ 8,332.53 |
| | Repairs & Maintenance Expense (TPS) | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 3,750.67 | $ 48,758.72 |
| | Office Rental (TPS) | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 339.31 | $ 4,410.99 |
| | Misc Office Expenses (TPS) | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 540.11 | $ 7,021.41 |
| | Auto Fleet Expenses & Gas (TPS) | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 1,292.80 | $ 16,806.40 |
| | **TOTAL EXPENSES:** | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 31,235.96 | $ 406,067.44 |
| **PROJECTED CASH FLOW:** | | $61,453.63 | $42,915.71 | ($16,405.62) | ($27,528.37) | $63,828.63 | $44,815.71 | ($16,025.62) | ($27,433.37) | $84,325.47 | $61,213.19 | ($12,746.13) | ($26,613.50) | ($31,235.96) | $200,563.77 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Grand Valley MHP, LLC,                    Case No. 24-19715-PDR

Debtor.                                    Chapter 11

_____/

### INTERIM ORDER GRANTING EXPEDITED MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND SCHEDULING FURTHER INTERIM HEARING

**THIS MATTER** came before the Court for continued interim hearing on September _____, 2024, upon the *Expedited Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and Final Hearing* (the "Motion") [ECF No. _____] filed by Grand Valley MHP, LLC (the "Debtor").

For the reasons stated on the record, and being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** that:

{2545/000/00589477}

1. The Motion [ECF No. _____] is **GRANTED** on an interim basis subject to a further interim hearing and a final hearing.

2. <u>Use of Cash Collateral</u>.  The Debtor shall be entitled to use cash collateral to pay all ordinary and necessary expenses in the ordinary course of its business for the purposes contained in the budget attached hereto as Exhibit A (the "<u>Budget</u>") through and including the date set forth in Paragraph 4 below.  The Debtor is also authorized: (i) to exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (ii) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

3. <u>Replacement Liens.</u>   Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code, the Court grants in favor of secured creditors of the estate (together, the "Creditors"), as security for all indebtedness that is owed by the Debtor to the Creditors, a post-petition security interest and lien in, on, to, and against any and all assets of the Debtor, to the same extent, perfection and priority that the Creditors held a properly perfected pre-petition security interest in such assets; <u>provided that</u>, however, under no circumstances shall the Creditors have a lien on any causes of action arising under 11 U.S.C. § 542 *et seq.*, 547, 548, 549, 550, 551, or any of the Debtor's assets that they did not have a right to pre-petition; and <u>provided that</u>, if any pre-petition security interest or lien of any of the Creditors is

{2545/000/00589477}

2

subject to avoidance, challenge, or objection, then such replacement security interest and lien shall also be subject to avoidance, challenge, or objection.

4. <u>Duration.</u> The use of cash collateral provisions in this Order shall remain in effect through _____, 2024, or until otherwise ordered by the Court. The terms of this Order are granted on an interim basis, without prejudice to the Creditors objecting to the Debtor's use of cash collateral for purposes outside of its ordinary course, and for line items within the Budget that are subject to a separate motion.

5. <u>Interim Hearing</u>. This Court will hold a further interim hearing on the Motion [ECF No. _____] on _____, 2024 at _____ ___.M. at the United States Bankruptcy Courthouse, 299 E. Broward Blvd., Courtroom _____, Fort Lauderdale, FL 33301.

###

Submitted by:

Eric Pendergraft
Proposed Counsel for the Debtor
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: (561) 443-0800  /  Facsimile: (561) 998-0047
ependergraft@slp.law

*Eric Pendergraft is directed to serve a copy of this Order upon all interested parties.*

{2545/000/00589477}

3